## GUARANTY TRUST CO. OF NEW YORK v. WILLIAMSPORT WIRE ROPE CO.

### GEHRON et al. v. BETHLEHEM STEEL CO.

#### No. 959.

United States District Court
M. D. Pennsylvania.

Dec. 29, 1952.

Charles Bidelspacher, Jr., Charles F. Bidelspacher, Lester L. Greevy, Daniel F. Knittle, Williamsport, Pa., for petitioners.

Robert T. McCracken, Philadelphia, Pa., William J. Fitzgerald (of Fitzgerald, Kennedy, Eckersley & O'Brien), Scranton, Pa., for respondent.

WATSON, Chief Judge.

This is a suit by present and former shareholders and former bondholders of the Williamsport Wire Rope Company to set aside the sale of the assets of the Williamsport Wire Rope Company to the respondent, Bethlehem Steel Company, in a receivership and foreclosure proceeding. The matter was referred to a Special Master who recommended, inter alia, that the decrees of foreclosure and sale be vacated because of fraud. Respondent filed motions for a new trial and to amend the findings of the Special Master which were confirmed and adopted by this Court on October 14, 1952, and reported in 107 F.Supp. 759.

The evidence in these proceedings supports the conclusion of the Special Master that the fraudulent acts and conduct of court-appointed officials in and in connection with the Williamsport receivership and foreclosure proceedings, to which the Special Master made particular reference in his Report, were such as to require that the sale of the Williamsport properties to Bethlehem Steel Company be set aside, leaving for future disposition, after further hearings on valuation and other issues, the equities in such properties of the several interested parties. While the above motions were pending and undetermined, the respondent and counsel for the petitioners informed the Court that they were in full agreement that though such evidence was sufficient to set aside the sale because of fraud, it does not support the conclusion that Bethlehem Steel Company or any of its agents or representatives participated in any fraud, but that Bethlehem Steel Company was an innocent victim of circumstances over which it had no control. The Court, after a re-review of the evidence, and in light of such agreement by counsel for the petitioners, finds that though the evidence of fraud was sufficient to set aside the sale, it does not support the conclusion that Bethlehem Steel Company or any of its agents or representatives participated in the fraud, but rather that Bethlehem Steel Company was an innocent victim of circumstances over which it had no control.

While the above-mentioned motions were pending and undetermined, the parties also reached an agreement to compromise and settle the litigation. This being a class action, the offer of settlement was submitted to the Court for approval, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C., an order was made directing that a hearing be held before this Court upon the fairness and reasonableness of said offer of settlement, and directing that notice of such hearing, in the form prescribed by the Court, be given to all stockholders of Williamsport Wire Rope Company. Proofs of publication of said notice were filed and a hearing was held, and the Court afforded all those appearing a full opportunity to be heard in respect of said offer of settlement. After due consideration thereof, this Court is of the opinion that the offer of settlement made by Bethlehem Steel Company is fair and reasonable and that the approval thereof is in the best interests of all persons who retained their ownership of stock certificates of Williamsport Wire Rope Company and those persons who sold their shares of stock of said Company to Bethlehem Steel Company from and after July, 1936.

An appropriate order, judgment, and decree will be filed herewith, and an order appointing a Special Master for distribution purposes will be filed forthwith.

### ORDER, JUDGMENT and DECREE

NOW, December 29, 1952, this cause having come on further to be heard before this Court upon (a) motions of respondent Bethlehem Steel Company, filed October 24, 1952, to amend the findings of fact, conclusions of law and order of this Court entered herein on October 14, 1952, and to set aside said findings of fact, conclusions of law and order and for a rehearing and new trial and (b) an application by counsel for the petitioners and intervening petitioners herein for the approval, as fair and equitable, of a settlement offered by respondent, Bethlehem Steel Company, and for the termination of the litigation herein;

And, pursuant to Rule 23 of the Federal Rules of Civil Procedure, an order having been made and entered herein on December 19, 1952, directing that a hearing be held before this Court upon the fairness and reasonableness of said offer of settlement and directing that notice of such hearing, in the form prescribed by the Court, be given to all stockholders of Williamsport Wire Rope Company, and proof of due publication of said notice in accordance with said order having been filed, and such hearing having been held on December 29, 1952,

and the Court having afforded to all those appearing a full opportunity to be heard in respect of said offer of settlement, and after due consideration thereof, the Court being of the opinion, and so finding as a fact in a decision in writing, filed herein, that the settlement offered by respondent, Bethlehem Steel Company, by letter dated December 17, 1952, is fair and reasonable, and that the approval thereof is in the best interests of all persons who retained their ownership of stock certificates of Williamsport Wire Rope Company and those persons who sold their shares of stock of said Company to Bethlehem Steel Company from and after July, 1936, it is

### ORDERED, ADJUDGED AND DECREED:

1. That the settlement offered by respondent, Bethlehem Steel Company, by letter dated December 17, 1952, is in all respects fair and reasonable and said settlement is in all respects approved.

2. That said settlement is in the best interests of all persons who retained their ownership of stock certificates of Williamsport Wire Rope Company and those persons who sold their shares of stock of said Company to Bethlehem Steel Company from and after July, 1936.

3. That all of the property, real, personal and mixed, of Williamsport Wire Rope Company, including its good will, corporate name and corporate franchise, having been sold and delivered to Bethlehem Steel Company in 1937 under decree of this Court in receivership and foreclosure proceedings, Williamsport Wire Rope Company was thereby completely liquidated.

4. That the settlement of all claims upon or by reason of any of the matters set forth in the petition or intervening petition herein, pursuant to and in accordance with said offer of settlement, is in all respects approved.

5. That upon entry of this judgment, respondent, Bethlehem Steel Company, pay to T. Harold Campion, Clerk of the United States District Court, for deposit in the Registry Fund of this Court, the sum of $6,000,000.00, such amount to be held subject to the further orders of this Court directing distribution thereof.

6. That upon payment by it as aforesaid of said sum of $6,000,000.00, respondent, Bethlehem Steel Company, its affiliated corporations and its and their respective directors, officers, agents and representatives, past and present, shall be released and discharged from any and all claims, direct or indirect, of all persons arising out of ownership at any time of stock certificates of Williamsport Wire Rope Company, upon or by reason of any of the matters set forth in the petition and intervening petition herein.

7. That upon entry of this judgment, respondent, Bethlehem Steel Company, forthwith deposit with T. Harold Campion, Clerk of the United States District Court, certificates for 5,124 shares of the preferred stock and 5,641⅓ shares of the common stock of Williamsport Wire Rope Company formerly owned by those persons who sold such shares of stock to Bethlehem Steel Company from and after July, 1936, to be held by the said Clerk subject to the further orders of this Court relative to the distribution of the said sum of $6,000,000.00 to be deposited in the Registry Fund. Bethlehem Steel Company shall not be entitled to any reimbursement or restitution whatsoever from any person, firm or corporation, nor from the settlement fund herein mentioned, for, or because of, any moneys Bethlehem Steel Company has heretofore paid for any shares of stock of Williamsport Wire Rope Company.

8. That upon payment of the $6,000,000.00 and delivery of said stock certificates as hereinabove provided, respondent, Bethlehem Steel Company, its affiliated corporations and its and their respective directors, officers, agents and representatives, past and present, shall be released and discharged from any and all claims of those persons who sold their shares of stock of Williamsport Wire Rope Company to Bethlehem Steel Company from and after July, 1936, upon or by reason of any of the matters set forth in the petition and intervening petition herein.

9. That upon the payment by respondent, Bethlehem Steel Company, of the said sum of $6,000,000.00, and delivery by it of the aforesaid stock certificates, as hereinabove directed, the Clerk of this Court shall satisfy this judgment of record as to respondent, Bethlehem Steel Company, and shall make an appropriate entry thereof upon the court docket.

10. That the order of this Court made and entered herein on October 14, 1952, be and the same hereby is vacated and set aside, and the petition and intervening petition herein and all claims asserted in such petitions be and the same are hereby dismissed, with prejudice, and that the payment of costs heretofore incurred in these proceedings and the apportionment thereof as between the parties hereto having been agreed upon by them, this decree does not contain any provision as to said costs.